Leonard, J. (dissenting).
The weight of authority in this State is decidedly that the jurisdiction of the State courts and judges is concurrent with that of the United States upon habeas corpus, in cases like the present, where the prisoner is not detained by the process of any court of the United States or any judge thereof, or the judgment of any court of the United States. (1 Kent's Com., 400, 401; In re Stacy, 10 J. R., 328; In re Metzger, 1 Barb., 248, Edmonds, J.; In re Dobbs, 21 How. P. R., 68, Hoffman, J.; In re Carlton, 7 Cow. R., 471; In re Webb, 24 How. P. R., 247, Brown, J.) In this case the oath of the recruit was held to be conclusive against himself, but not against others, having the legal right to his services. To the same effect is the opinion of Judge Bacon in , the case of Beswick (25 How. P. R., 149). The authority i principally relied on to sustain the doctrine that this court has j no authority to discharge, &c., on habeas corpus, is the case of *140 Abelman v. Booth (21 How. U. S. R., 506), and the case of Hopson (34 Barb., 34). In the latter ease the opinion of Judge Bacon is founded largely upon his understanding of the language of Judge Taney in the case of Abelman v. Booth.
. Let us examine that case for a moment and ascertain its extent as authority for the position claimed by the counsel for the government. The decision embraces two appeals affecting the same, party. In the first case the prisoner was held upon process issued by a commissioner of the United States having the powers of a judge in the issuing of process for crime, and in the other upon conviction and sentence in a court of the United States for a crime. In each case a judge of a State court had assumed to discharge the prisoner because of the invalidity of a law of the United States under which the prisoner had been arrested in the one case and convicted in the other. The State judge had assumed to undo, or disregard, a legal act done-by a commissioner acting as a judge under the authority of a law of the United States, conferring jurisdiction upon him to issue process in the one case; and the trial, conviction and sentence of the prisoner by a comt of the United States in the other case. In both cases the law of the United States must have been held by the commissioner and judge of the United States to be valid. It is too plain for reasoning that a State judge would act in conflict with the judicial authority of the United States courts in attempting to discharge a prisoner held under such circumstances, and that the jurisdiction was not, therefore, concurrent. It did not require the learned argument of a profound judge to prove the conclusion to which the Supreme Comt of the United States arrived in that case; but it was expedient that the highest authority should declare the rule necessary to be observed by those who were willing to hold, as judges of the State courts, that .the process and judgment of the United States courts could not be set at nought. Whatever was said by Judge Taney in that case was said with reference to the facts before him. When he denies the jurisdiction of the State Courts or judges to discharge on habeas corpus prisoners held by the authority of the laws of the United States, he includes only such cases as have been passed upon in some form, judicially, either in granting-process or rendering judg *141 menu. A prisoner arrested by an officer of the United States on a criminal charge without any process, would not be in custody by authority of law so as to preclude a State court or judge from discharging him on habeas corpus. There is an entire absence of any analogy between the case of Abelman v. Booth, and that now before this court. It is time that its citation as an authority to uphold acts done without the authority of any law, State or national, should cease.
It is also urged by the counsel for the government that the acts of Congress of February, 1862, and of February and July, 1864 (12 and 13 Stat. at L.), confer upon the Secretary of War the authority to discharge enlisted minors, and that such authority ousts the State courts and judges of all jurisdiction to discharge them on habeas corpus. The authority derived from these acts for the discharge of minors from the army by the Secretary of War is not different from that previously existing, under which it was held by nearly every judge of this judicial district, that the authority of State courts and judges to discharge minors enlisted in the army without the consent of their parents or guardians, was concurrent with that of the Secretary of War. For a complete review of these statutes, as they existed in 1862, see opinion of Judge Honestan, in the matter of Dobbs (21 How. P. R., 68). The statutes of February and July, 1864, make it the duty of the Secretary of War to discharge any minor, enlisted under the age of eighteen years, without the consent of his parents or guardian, upon the repayment to the government of all bounties and advance pay, anything in the act thereby amended to the contrary notwithstanding. The act of July, 1862, provided that the oath of the recruit as to his age should be conclusive.
While this section was in force, the Secretary of War could not lawfully discharge a minor, who had taken such an oath, because it was made by law conclusive evidence as to his age. He may, since the amendment of July, 1864, discharge a minor enlisted under eighteen years of age, notwithstanding his oath.
It has been held quite recently by Judge Nelson, in eases before him on Habeas corpus, that this change in the law does not extend the authority to the courts or judges to grant a dis *142 charge to a minor enlisted under eighteen years of age. e courts,” says Judge Nelson, “are not enabled judicially to vary, enlarge, or abridge the liabilities by any mandate or interposition acting upon the recruits in service, or officer in the army, in relation to their respective positions. The amendments of the law create no additional duties for the courts to perform, but in so far as any change is wrought upon the organization of military discipline it transfers wholly from the cognizance of the judiciary to the department of war the exclusive charge of the pecuniary rights and status of minor recruits in the army. Whatever relief or amelioration government will grant that class of the common soldiery, must be obtained under the two statutes above cited. Under the Constitution and laws of the land, Congress has complete jurisdiction over the whole subject matter involved in the relationship created by the contract of enlistment of the soldiers.” Evidence was offered by the depositions of the parents of each of these minors that they were, respectively, under eighteen years of age at the time of enlistment. This evidence was excluded as wholly immaterial.
This decision is entitled to the gravest consideration. With the most profound respect for the very learned judge, I am unable to come to the same conclusion. Congress has forbidden the enlistment of a minor under eighteen years of age. It has directed one of the heads of departments to discharge any such recruit, notwithstanding the previous statute declaring that the oath of the recruit should be conclusive evidence of his age, on re-payment of bounties, advance pay, &c. Such an enlisted minor is unlawfully detained in the service. Why should not the courts or the authorized judges so declare and adjudge as well as the Secretary of War, following the same conditions which Congress has directed him to observe ? It is not possible to suppose that judges will be less observant of the provisions of the law than the secretary. There is no inhibition upon the courts or judges from declaring that a recruit has been unlawfully' enlisted, and is not for that reason lawfully detained in the army. Nor does the law contain any provision declaring that the authority to grant discharges in such cases shall be granted exclusively by the secretary. The *143 act of September 28,1850, entitled “An Act making appropriations for the support of the army for the year ending June 1, 1851,” provided (§ 5) “ that the Secretary of War should order the discharge of any soldier enlisted under the age of twenty-one without the consent of his parent or guardian.” The courts of this State held very generally that the concurrent duty also devolved on them to discharge minors, when enlisted, without the consent of parent or guardian; particularly was it so held in the first judicial district of this State, until the suspension of the writ of habeas corpus in August, 1863.
There is not any substantial difference in the provisions of the law of Congress now in force, in this respect, and those which then prevailed. The question is still whether the recruit is lawfully detained.
The statutes of this State are imperative upon the courts and judges to grant the writ for personal liberty whenever applied for in behalf of a person appearing by the petition to be unlawfully detained; and if no legal cause for such imprisonment or restraint be shown to discharge such party. (3 R. S., 363, 367, §§ 21, 26, 30, 39.)
It appears to me that it' is incumbent upon this court to follow the authority of the statutes and decisions of the State rather than the new and sole advic'e of one judge of the United States court, however much his opinion may be entitled to respect. If this court were subordinate to that court, the rule would be different. Should any tribunal, having appellate jurisdiction over this court, arrive at a different judg-ment, it would then be our duty to defer to superior authority. But till such time we should adhere consistently to the decisions of our tribunals. There is no sufficient reason for refusing the jurisdiction. It is true, it would be more convenient to do so, but the law and precedents of judicial authority in this State would be disregarded, and the captive could not make his wrongs heard, except through the Secretary of War, who, it may be assumed, has more important matters to demand his attention. In the present case it would be the duty of the Secretary, on the present proof, to discharge the recruit; and it cannot be doubted that he would do so, whenever in the pressure of his engagements the case of a private soldier, on *144 the application of his parents, or of himself, for a discharge on the ground of his minority, should be reached—a period, perhaps, as long as that of his term of enlistment.
There can be no sufficient reason in a time of profound peace why exclusive jurisdiction should be required for the Secretary of War, for the detention of a military recruit, enlisted at an age when the law requires him to be discharged by the Secretary, notwithstanding any oath he may have taken on the subject of his age.
Congress had the power to have conferred the authority exclusively upon the Secretary, but in my opinion they have not done so; and such a construction is not required by existing circumstances.
The recruit should be discharged upon the conditions prescribed by the statute of re-payment of bounties and advance pay, and returning the government clothing.
It is apparent that General Butterfield has not intended any disrespect of the court; but martial law no longer prevails, and the military, as before the war, are subordinate to law and order, and must obey the orders of the civil tribunals.
An order should be made reversing the order granted by the judge, directing the production of O’Conner, and that he be discharged on complying with conditions above mentioned.
Order appealed from affirmed.